Dear Mr. Riederer:
This letter is in response to your question asking:
 If the Secretary of the Treasury or the Attorney General of the United States transfers, pursuant to 19 U.S.C. § 1616, any property seized or forfeited under the provisions of 21 U.S.C. § 881(a) — (e) to a State or local law enforcement agency, may that State or local law enforcement agency acquire title, retain, use and dispose of such property like any other property of that agency?
 19 U.S.C. § 1616 provides:
 (a) Notwithstanding any other provision of the law, the Commissioner is authorized to retain forfeited property, or to transfer such property on such terms and conditions as he may determine to —
(1) any other Federal agency; or
 (2) any State or local law enforcement agency which participated directly in any of the acts which led to the seizure or forfeiture of the property.
 The Secretary of the Treasury shall ensure the equitable transfer pursuant to paragraph (2) of any forfeited property to the appropriate State or local law enforcement agency so as to reflect generally the contribution of any such agency participating directly in any of the acts which led to the seizure or forfeiture of such property, A decision by the Secretary pursuant to paragraph (2) shall not be subject to review. The United States shall not be liable in any action arising out of the use of any property the custody of which was transferred pursuant to this section to any non-Federal agency.
 (b) The Secretary of the Treasury may order the discontinuance of any forfeiture proceedings under this Act in favor of the institution of forfeiture proceedings by State or local authorities under an appropriate State or local statute. After the filing of a complaint for forfeiture under this Act, the Attorney General may seek dismissal of the complaint in favor of forfeiture proceedings under State or local law.
 (c) Whenever forfeiture proceedings are discontinued by the United States in favor of State or local proceedings, the United States may transfer custody and possession of the seized property to the appropriate State or local official immediately upon the initiation of the proper actions by such officials.
 (d) Whenever forfeiture proceedings are discontinued by the United States in favor of State or local proceedings, notice shall be sent to all known interested parties advising them of the discontinuance or dismissal. The United States shall not be liable in any action arising out of the seizure, detention, and transfer of seized property to State or local officials.
 21 U.S.C. § 881(e) provides in part:
 (e) Whenever property is civilly or criminally forfeited under this title the Attorney General may —
 (1) retain the property for official use or transfer the custody or ownership of any forfeited property to any Federal, State, or local agency pursuant to section 616 of the Tariff Act of 1930;
* * *
 The Attorney General shall ensure the equitable transfer pursuant to paragraph (1) of any forfeited property to the appropriate State or local law enforcement agency so as to reflect generally the contribution of any such agency participating directly in any of the acts which led to the seizure or forfeiture of such property. A decision by the Attorney General pursuant to paragraph (1) shall not be subject to review. . . .
While mention has been made of the state narcotics forfeiture procedures, Section 195.140, RSMo Supp. 1984, and Section 195.145, RSMo 1978, we believe that the underlying question is whether the State of Missouri and local governmental entities, particularly the City of Kansas City and Jackson County, Missouri, may receive gifts or donations conditioned upon the use of the property by a state or local law enforcement agency.
 A. State
Section 33.550, RSMo 1978, provides as follows:
 Whenever any devise, bequest, donation, gift or assignment of money, bonds or choses of action, or of any property, real, personal or mixed, shall be made or offered to be made to this state, the director of revenue shall be and is hereby authorized to receive and accept the same on such terms, conditions and limitations as may be agreed upon between the grantor, donor or assignor of said property and said official, so that the right and title to such property shall pass to and vest in this state, and all such property so vested in this state and the proceeds thereof when collected may be appropriated for educational purposes, or for such other purposes as the legislature may direct.
We believe that the above-quoted statute allows the transfer of forfeited property to the State of Missouri upon the condition that the property be for the use and benefit of a state law enforcement agency. While the proceeds of such gifts are subject to the control of the legislature, when the state takes such a gift on condition, the conditions become a limitation on the disposition of the gifted property.
 B. The City of Kansas City and Jackson County, Missouri
Your opinion request also appears to concern the authority of the City of Kansas City, Missouri, specifically the Drug Enforcement Unit of the Kansas City Police Department, and Jackson County, Missouri, specifically the Jackson County Sheriff's Department, to receive forfeited property from the United States. Both of these entities possess constitutional charters, and we believe it is more appropriate for attorneys more familiar with the charters of such entities to opine on the question you ask. However, we find no constitutional or statutory provision prohibiting local governmental entities from receiving and using such gifts.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General